Salome GONZALEZ d/b/a Peking Gardens, Plaintiff,

v.

ATLANTIC CASUALTY INSURANCE COMPANY, Defendant.

No. EP–07–CV–219–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

April 7, 2008.

Miguel J. Cervantes, Law Offices of Miguel J. Cervantes, El Paso, TX, for Plaintiff.

Kurt G. Paxson, Mounce, Green, Myers, Safi & Galatzan, El Paso, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MARTINEZ, District Judge.

On this day, the Court considered (1) Atlantic Casualty Insurance Company's ("Atlantic") "Motion for Summary Judgment," filed on January 18, 2008; (2) Plaintiff Salome Gonzalez d/b/a Peking Gardens's ("Gonzalez") "Response to Defendant's Motion for Summary Judgment," filed on February 12, 2008; and (3) Atlantic's "Reply on Motion for Summary Judgment," filed on February 21, 2008, in the above-captioned cause. After careful consideration, the Court is of the opinion that

Atlantic's Motion for Summary Judgment should be granted for the reasons set forth below.

## I. BACKGROUND

### A. Factual Background

Gonzalez is an individual residing in El Paso County, Texas, and the owner/operator of a restaurant called Peking Gardens. Resp. 1. Atlantic is a citizen of North Carolina.[1] Not. Rem. ¶ 4. On August 5, 2004, Gonzalez purchased an insurance policy ("policy") from Atlantic, which consisted of two kinds of coverage, "Commercial General Liability" and "Building and Personal Property." Resp. 1; Mot. Ex. B.

Atlantic attaches a list of "Stipulated Facts" to its Motion, bearing the signatures of counsel for both parties indicating that there is no dispute with respect to the following facts.

(1) [Gonzalez] leases the commercial building located 3306 Fort Boulevard, El Paso, Texas, pursuant to a written lease contract. [Gonzalez] has no ownership interest in the commercial building. (2) On or about May 26, 2005, Eric Trevizo drove his vehicle into [Gonzalez's] leased commercial building, causing damage to said leased commercial building. (3) The negligent acts or omissions of Eric Trevizo constitute the sole proximate cause of all damages to said leased commercial building. (4) Eric Trevizo is not currently, nor was he ever, an employee or agent of any party herein. (5) [Gonzalez] claims that the leased commercial building required repairs totaling $6,491.62. (6) [Gonzalez] is not claiming any loss of his business or personal property as a result of the subject accident. (7) At the time of the accident, [Gonzalez] was not the owner of the leased commercial building. (8) [Gonzalez] was leasing said commercial building from owner Rose Kuo Chao.... (9) The commercial building lease between [Gonzalez] and owner Rose Kuo Chao is for a period of 120 months, commencing the 16th of June 1999 and expiring on the 9th of May 2009.... (10) At the time of the accident, [Gonzalez] had an existing insurance policy, number M085000093–1, issued by [Atlantic] for the term July 10, 2004 through July 10, 2005, regarding said leased commercial building.... (11) The insurance policy, number M085000093–1, includes both Commercial General Liability Coverage, and Building and Personal Property Coverage.... (12) [Atlantic] did not receive notice of the claim regarding [Gonzalez's] leased commercial property until approximately May 29, 2006.(13) The Court has *in personam* jurisdiction over both parties. (14) Proper venue exists in the United States District Court for the Western District of Texas, El Paso Division. (15) Exhibit A is a true, correct and complete copy of the lease contract for subject property. (16) Exhibits B, C, constitute true, correct and complete copy [sic] of subject policy of insurance.[2]

Mot. Ex. 1.

### B. Procedural Background

Gonzalez initiated the instant action by filing his "Original Petition" in the County

---

**1.** Atlantic is an insurance company, and asserts that it "was and currently is a citizen of the State of North Carolina," although it does not make any specific assertions with respect to where it is incorporated or where it has its principal place of business. Not. Rem. ¶ 4; *see also* Am. Answer ¶ 1 ("Defendant admits that it is an insurance company authorized to conduct business in Texas. Defendant denies that it is organized under the laws of the State of Texas."). Gonzalez does not dispute that diversity jurisdiction is appropriate in the instant action.

**2.** Exhibits A, B, and C are attached to Atlantic's Motion.

Court at Law Number Five, in El Paso County, Texas on May 23, 2007. Not. Rem. ¶ 1; Orig. Pet. 1. Gonzalez alleges "bad faith dealings and breach of contract for failure to pay the property damage," and seeks damages consisting of "$50,-000.00 as the benefits payable under the insurance policy" at issue, and "$50,000.00 as a statutory penalty for Atlantic's failure to comply with the prompt payment provisions of Article 21.55 of the Insurance Code," in addition to attorney's fees, interest, and costs of suit. Orig. Pet. 3. Atlantic filed its Notice of Removal on June 15, 2007. Not. Rem. ¶ 1. Atlantic subsequently filed the instant Motion for Summary Judgment, admitting that it issued Gonzalez an insurance policy, but asserting that the damages suffered are exempted from coverage pursuant to the terms of the policy. Mot. 1–2. The Court, after careful consideration, is of the opinion that summary judgment is appropriate in the instant action.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). Once the movant has established that there is no genuine issue, the nonmoving party bears the burden to produce evidence that a genuine issue for trial exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden cannot be satis-

fied by relying on allegations, denials, or unsubstantiated assertions; rather, the nonmoving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir.1998). The Court will construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

## III. ANALYSIS

Atlantic asserts that the damage to the leased property is excluded from coverage pursuant to the terms of both the Commercial General Liability and the Building and Personal Property coverage sections of the policy. Mot. 3. It cites a provision in the Commercial General Liability section excluding any damage to property that is owned, rented, or occupied by the insured.[3] Mot. 3. It also cites a provision in the Building and Personal Property section of the policy which allows Gonzalez to recoup only his financial interest in the property.[4] Atlantic argues that because Gonzalez leases, and does not own, the property, he has no financial interest in it, and therefore did not "sustain damages payable under the Business and Personal Property coverage." Mot. 4.

Gonzalez argues that he had "a legal obligation to repair property damage, thereafter obligating [Atlantic] to reimbursement him [sic] for the expenses," be-

---

3. 2. **Exclusions:**
 This insurance does not apply to:
 j. **Damage to Property:**
 'Property damage' to:
 (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such

property for any reason, including prevention of injury to a person or damage to another's property....
Mot. 3 (emphasis in original).

4. "[Atlantic] will ***not pay you more than your financial interest*** in the Covered Property."
Mot. 4 (emphasis in original).

cause his landlord refused to reimburse him for expenses he incurred in repairing the property. Resp. 2–3. Gonzalez provides no authority for his claim that he was obligated to repair the damage. Contrary to that position, he submits that his landlord was obligated to repair any damage to the building which Gonzalez could not have reasonably prevented. Resp. 2 (quoting the lease agreement signed by Gonzalez and his landlord, which provides that "in the event of a partial destruction of the premises during the [lease period], which is beyond [Gonzalez's] reasonable control," the landlord is required to make the necessary repairs). Gonzalez does not make any argument relating to the exclusionary provisions that Atlantic cites.

 As Atlantic relies on Texas law governing the interpretation of insurance policies in its Motion and Reply, and Gonzalez does not challenge that reliance, the Court will apply Texas law. "The general rules of contract construction govern insurance policy interpretation." *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex.1997). The Court's "primary concern when interpreting a contract is to ascertain and give effect to the intent of the parties," and in order to do so, will consider the contract as a whole. *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006). "The language in an agreement is to be given its plain grammatical meaning unless to do so would defeat the parties' intent." *DeWitt County Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 101 (Tex.1999). "[O]nce [an] insurer demonstrates that an exclusion arguably applies [to the loss suffered by the insured], the burden then

shifts back to the insured to show that the claim does not fall within the exclusion or that it comes within an exception to the exclusion." *Luxury Living, Inc. v. Mid–Continent Cas. Co.*, Civil Action H–02–3166, 2003 WL 22116202, at *7, 2003 U.S. Dist. Lexis 24505, *21 (S.D.Tex. Sept. 10, 2003); *see also Harken Exploration Co. v. Sphere Drake Ins. P.L.C.*, 261 F.3d 466, 471 (5th Cir.2001) (applying Texas law and holding that after an insurer has shown an exclusion applies, "the burden shifts . . . to the insured to show that an exception to the exclusion brings the claim against her potentially within the scope of coverage under the insurance policy.").

In the instant case, Atlantic presents exclusionary provisions which, by their plain language, exempt from coverage the damages at issue. The Commercial General Liability section of the policy explicitly exempts from coverage any damage to property that Gonzalez rents, and Gonzalez stipulated that he rents the building which sustained the damage. Furthermore, the Building and Personal Property section of the policy explicitly provides that coverage will not exceed Gonzalez's financial interest in the property.[5] Gonzalez does not argue that the provisions are inapplicable, ambiguous, or otherwise unenforceable. Significantly, Gonzalez submits a copy of his lease agreement, which plainly states that his landlord is responsible for repairing damage to the building.[6] Therefore, the Court concludes that the exclusionary provisions are applicable, and the damage to Gonzalez's leased property is not covered by the policy.

---

**5.** Atlantic asserts, and Gonzalez does not contest, that because he does not claim any loss to *"his* business or personal property . . . and . . . was not the owner of the subject building . . . [Gonzalez] has no financial interest in the covered property and did not sustain damages

payable under the Business and Personal Property coverage." Mot. 4.

**6.** Although Gonzalez asserts that his landlord has refused to pay for the repairs, the Court is unaware of any action by Gonzalez to enforce the terms of the lease.

## IV. CONCLUSION

Gonzalez does not present any evidence that the policy covers the property damage to his restaurant, and thus fails to establish a question of material fact on any of the claims alleged in his compliant. Therefore, after due consideration, the Court is of the opinion that Atlantic's Motion for Summary Judgment should be granted, and the cause should be dismissed.

Accordingly, **IT IS ORDERED** that Defendant Atlantic Casualty Insurance Company's ("Atlantic") "Motion for Summary Judgment" (Docket No. 16) is **GRANTED.**

Accordingly, **IT IS ORDERED** that the above-captioned cause be, and hereby is, **DISMISSED WITH PREJUDICE.**